UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: _____

MARIANA CONTRERAS,    )
                      )
   Plaintiff,         )
                      )
v.                    )
                      )
RELIABLE JET MAINTENANCE, LLC,   )
                      )
   Defendant.         )
                      )
_____)

## COMPLAINT

Plaintiff, MARIANA CONTRERAS, sues Defendant, RELIABLE JET MAINTENANCE, LLC, under the Family Medical Leave Act and Title VII, and alleges as follows:

## NATURE OF ACTION

1. This action arises out of Ms. Contreras's employment relationship with Defendant, including her wrongful termination in violation of the Family and Medical Leave Act of 1993 ("FMLA"), Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978 ("Title VII"), and the Florida Civil Rights Act ("FCRA").

## PARTIES

2. At all times material, Ms. Contreras was a resident of Broward County, Florida.

3. At all times material to this Complaint, Ms. Contreras was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

4. At all times material, Ms. Contreras was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

1

5. At all times material, Ms. Contreras was an employee as defined by Title VII, 42 USC § 2000e(f).

6. At all times material, Defendant was a Florida corporation having its main place of business in Palm Beach County, Florida.  Defendant, is and at all times relevant was, an airplane service provider and its business activity affected interstate commerce.

7. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

8. Defendant has 50+ employees within a 75 mile radius of its main place of operation where Contreras worked.

9. At all times material, Defendant was a "person" and an "employer" as defined by 29 U.S.C. §2000e; and Fla. Stat. § 760.02.

10. At all times material, Defendant was an employer as defined by the FMLA, 29 U.S.C. § 2611(4).

11. Before her termination, Ms. Contreras's prospective medical leave would have occurred following the tolling of 12 months of work with Defendant.

**JURISDICTION AND VENUE**

12. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 et seq.; Title VII, 42 U.S.C.A. §§ 2000e et seq; and FCRA, Fla. Stat. § 760.01 et. seq.

13. This court has jurisdiction of this claim as per 42 U.S.C.A. § 2000e-5(f)(3), 28 U.S.C.A. §§ 1331 and 1343(4).  This civil action arises under the laws of the United States and the law of the State of Florida.

14. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because the acts complained of by Ms. Contreras occurred within this judicial district and because Defendant

has its principal place of business within the district, resides in the judicial district and because the employment records of Contreras are stored or have been administered, in Palm Beach County.

## PROCEDURAL REQUIREMENTS

15. Ms. Contreras has complied with all conditions precedent in filing this action. This includes the receipt of a Right to Sue letter from the EEOC within the previous 90 days of the filing of this complaint.  Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

16. Ms. Contreras worked for the Defendant as an engineer beginning November 2017.

17. Defendant considered Ms. Contreras a good employee.

18. From her date of hire until her unlawful termination, Ms. Contreras received satisfactory feedback from Defendant about her work performance.

19. In February 2018, Ms. Contreras became pregnant.  Her due date was in November 2018.

20. On or about March 2018, Ms. Contreras had difficulty with morning sickness and was eventually advised by her doctor that she should not be exposed to the fumes of the hangar in which she worked.

21. Because of this restriction, Ms. Contreras was reassigned to office work.

22. Ms. Contreras performed the office work adequately and without any problems.

23. Ms. Contreras was then confronted by her boss, Greg Wright, and told that she should try to take time off claiming disability.  Ms. Contreras believed this was an act of kindness on the part of Mr. Wright and decided to take time off for disability at his request.

24. Prior to Mr. Wright's suggestion, Ms. Contreras had never heard of or considered short term disability relief.

25. Upon the completion of her short term disability in May 2018, Ms. Contreras was terminated.

26. When she was terminated, she was told by Kimberly from HR: "call us once you have the baby."

27. Prior to her termination, Ms. Contreras had no write ups or reprimands.

## COUNT I: INTERFERENCE WITH FMLA
## RIGHTS AGAINST DEFENDANT (TERMINATION)

28. Ms. Contreras repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. At the time of her termination, Ms. Contreras was not yet eligible for FMLA leave. However, she would have been eligible for leave at the time she was scheduled to give birth. Therefore, she is considered a covered employee under the FMLA.

30. At all times material, Ms. Contreras gave proper notice to Defendant by informing it of her serious medical condition/pregnancy.

31. Ms. Contreras provided enough information for Defendant to know that her potential leave may be covered by the FMLA.

32. Despite its knowledge of Ms. Contreras's medical condition, Defendant terminated Ms. Contreras instead of affording her the opportunity to request FMLA leave.

33. Defendant's offering of Short Term Disability to Ms. Contreras was merely the beginning of a pretextual plan to terminate her. This was to allow Defendant to terminate Ms. Contreras and to avoid the penalties of the FMLA.

34. When Defendant fired Ms. Contreras, it interfered with Ms. Contreras's rights under the FMLA.

35. As a result, Plaintiff has been damaged.

## COUNT II:  SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF TITLE VII

36. Plaintiff re-alleges the paragraphs 1-27 as if fully set forth in this Count.

37. At all relevant times Defendant was an employer who employed more than 15 employees as required by 42 U.S.C. § 2000e(b).

38. At all relevant times Defendant employed Plaintiff within the meaning of 42 U.S.C. § 2000e(f).

39. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her sex and due to her pregnancy.

40. Defendant terminated Plaintiff due to her pregnancy.

41. Defendant used the symptoms of Plaintiff's pregnancy to suggest she go on disability and ultimately terminate her.  This was simply pretext to her termination.  Defendant suggested the short term disability claim to attempt to have a legal reason to terminate its pregnant employee.

42. Plaintiff's sex and her pregnancy were the legal causes for Defendant's decision to terminate Plaintiff.

43. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of her sex in violation of Title VII.

44. This violation of Title VII provides to Plaintiff back pay, front pay, attorneys' fees and costs, or any other equitable relief deemed just pursuant to 42 U.S.C. §2000e-5 and compensatory and/or punitive damages pursuant to 42 U.S.C. § 1981(a).

## COUNT II: SEX/PREGNANCY DISCRIMINATION  IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

45. Plaintiff re-alleges paragraphs 1-27 as if fully set forth in this Count.

46. At all relevant times Defendant was an employer who employed more than 15 employees as required by Fla. Stat. § 760.02.

5

47. At all relevant times Defendant employed Plaintiff within the meaning of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et. seq.

48. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of her sex and due to her pregnancy.

49. Defendant terminated Plaintiff due to her pregnancy.

50. Defendant used the symptoms of Plaintiff's pregnancy to suggest she go on disability and ultimately terminate her.  This was simply pretext to her termination.  Defendant suggested the short term disability claim to attempt to have a legal reason to terminate its pregnant employee

51. Plaintiff's sex and her pregnancy were the legal causes for Defendant's decision to terminate Plaintiff.

52. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of her sex in violation of Fla. Stat. § 760.01 et. seq.

53. This violation of the Florida Civil Rights Act of 1992 provides to Plaintiff back pay, front pay, attorneys' fees and costs, or any other equitable relief deemed just pursuant to Fla. Stat. § 760.11.

WHEREFORE, Plaintiff demands judgment against Defendant, as follows:

    a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

    b. Enter judgment in Plaintiff's favor and against Defendant for discriminating against Plaintiff under the Title VII;

    c. Enter judgment in Plaintiff's favor and against Defendant for discriminating against Plaintiff under FCRA;

    d. Reinstatement and/or compensatory damages;

e.  Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

f.  Award Plaintiff liquidated damages;

g.  Award Plaintiff prejudgment interest on his damages award;

h.  Award Plaintiff reasonable costs and attorney's fees; and

i.  Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: November 12, 2019.

> By: s/ R. Edward Rosenberg
> R. Edward Rosenberg, Esq.
> Email: rer@sorondorosenberg.com
> Sorondo Rosenberg Legal PA
> 1825 Ponce de Leon Blvd. #329
> Coral Gables, FL 33134
> T: 786.708.7550
> F: 786.204.0844
> Attorney for Plaintiff